**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CASE NO.   11-78763 - PWB |
| | ) | |
| GARETH N. GENNER, | ) | CHAPTER 7 |
| | ) | |
| Debtor. | ) | |

**TRUSTEE'S MOTION FOR APPROVAL OF COMPROMISE AND SETTLEMENT**
**WITH THE BANK OF NORTH GEORGIA**

COMES NOW Jordan E. Lubin, Chapter 7 Trustee ("Trustee") for the bankruptcy estate (the "Estate") of Gareth N. Genner ("Debtor") and the Bank of North Georgia (the "Bank"), by and through his undersigned counsel, and files *Trustee's Motion for Approval of Compromise and Settlement* (the "Motion") as follows:

**JURISDICTION AND VENUE**

1.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334(b).

2.

This is a core proceeding under 28 U.S.C. §157(b)(2)(A) & (O).  Venue is proper in this district in accordance with 28 U.S.C. §1409(a).

**BACKGROUND**

3.

Debtor commenced the above-styled bankruptcy case by filing a petition under Chapter 11 of Title 11 of the United States Code (the "Case") on October 3, 2011 (the "Petition Date").

4.

The case was converted to Chapter 7 on July 17, 2013 (the "Conversion Date").

5.

Trustee was initially appointed interim Chapter 7 Trustee and became permanent

Chapter 7 Trustee following the §341(a), Meeting of Creditors, held on August 20, 2013.

6.

Debtor scheduled ownership of real property located at 143 Dogwood Street,

Seagrove Beach, Florida 32459 (the "Property").

7.

Trustee is willing to list, market, and attempt to sell the Property, which is worth

less than the total of the liens as set forth below.

8.

Debtor scheduled a first priority lien on the Property, that has a current balance

owed of approximately $200,000.00 through closing, in favor of Bank of America, N.A.

as servicer for Deutsche Bank Trust Company Americas, as trustee for Dover Mortgage

Capital Corporation, grantor trust certificate 2004-A (the "First Priority Lien").

9.

Debtor scheduled a second priority lien on the Property that has a current

balance owed of approximately $446,313.50 through October of 2013 in favor of the

Bank (the "Second Priority Lien").

10.

Debtor claims no exemption in the Property.

**COMPROMISE**

11.

Based upon the First Priority Lien and the Second Priority Lien there is no equity in the Property for which Debtor may claim an exemption.

12.

Absent a "carve-out" of the Second Priority Lien, there would be no benefit for the Estate to attempt to market and sell the Property.

13.

Trustee and the Bank have reached a compromise and settlement so that Trustee may attempt to market and sell the Property pursuant to 11 U.S.C. § 363(b). The compromise and settlement is memorialized in the *Joint Stipulation and Settlement Agreement Between Trustee and Bank of North Georgia* (the "Agreement") which is attached hereto and incorporated herein by this reference as Exhibit "A".   The U.S. Bankruptcy Court shall retain jurisdiction over the interpretation and enforcement of the Agreement.

14.

The Bank consents to Trustee listing, marketing and selling the Property at listing and sale prices determined by Trustee, in his sole discretion, subject to Court approval of Trustee's motion to sell, however, the Bank reserves the right to object to the selling price, if same is not reasonable under the circumstances.

15.

The Bank agrees to a carve-out whereby the Net Sale Proceeds, as defined below, that would otherwise be paid to the Bank, will be divided equally between the Bank and Trustee, on behalf of the Estate.

16.

"Net Sale Proceeds" shall mean the gross proceeds of sale, less the First Priority Lien and any other liens senior to the Bank, the real estate commission and other costs of sale, costs necessary to insure and maintain the Property and costs necessary to close the sale of the Property, including outstanding Homeowners' Association Fees, if any, outstanding real property taxes, if any, and the Estate's pro rata share of real property taxes or Homeowners' Association Fees for 2014.

17.

Trustee and the Bank agree to take any all necessary actions and execute any other documents as may be reasonably required by Trustee or the Bank to effect the purposes and intent of the Agreement.

18.

The Agreement shall only apply to a sale of the Property while in a chapter 7 case, and the Bank shall not be subject to the agreed upon carve-out in a Chapter 11 case, if there were a reconversion of this case to Chapter 11.  Further, the Bank shall be permitted to file an unsecured claim in this case, as appropriate, for any remaining unpaid balance of the Bank's Lien, after payment to the Bank of the Bank's one-half portion of the Net Sale Proceeds and adjustment by the Bank of the balance owed.

19.

Trustee believes that the settlement represented by the Agreement is in the best interests of the Estate, because absent the carve-out, there would be no benefit to the Estate to liquidate the Property.  Trustee asserts that the proposed settlement meets the standards for approving bankruptcy settlements as set forth in *Wallis v. Justice Oaks III, Ltd.* (In re Justice Oaks, III, Ltd.) 898 F.2d 1544 (11th Cir. 1990).

WHEREFORE, having filed the Motion, Trustee moves the Court for an order: (a) approving the Agreement and the Motion; and (b) authorizing such other and just relief as the Court deems proper under the circumstances.

Respecfully submitted,

/s/ Jordan E. Lubin
Jordan E. Lubin
Georgia Bar No. 460639
Attorney for the Chapter 7 Trustee

Lubin Law, P.C.
8325 Dunwoody Place, Building 2
Atlanta, Georgia 30350
770.424.8281
jordan.lubin@laslawgroup.com

**EXHIBIT "A"**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE:                                       )    CASE NO.    11-78763 - PWB
                                             )
GARETH N. GENNER,                            )    CHAPTER 7
                                             )
        Debtor.                              )

JOINT STIPULATION AND SETTLEMENT AGREEMENT
BETWEEN TRUSTEE AND BANK OF NORTH GEORGIA

This Joint Stipulation and Settlement Agreement (this "Agreement") is being
entered into by and between Jordan E. Lubin, Chapter 7 Trustee ("Trustee") for the
bankruptcy estate (the "Estate") of Gareth N. Genner ("Debtor") and Bank of North
Georgia (the "Bank").

WHEREAS, Debtor commenced the above-styled bankruptcy case by filing a
petition under Chapter 11 of Title 11 of the United States Code (the "Case") on October 3,
2011 (the "Petition Date"); and

WHEREAS, the case was converted to Chapter 7 on July 17, 2013 (the
"Conversion Date"); and

WHEREAS, Jordan E. Lubin was initially appointed interim Chapter 7 Trustee and
became permanent Chapter 7 Trustee following the meeting of creditors held on August
20, 2013, pursuant to 11 U.S.C. § 341(a); and

WHEREAS, Debtor scheduled ownership of real property located at 143 Dogwood
Street, Seagrove Beach, Florida 32459 (the "Property"); and

WHEREAS, Trustee is willing to list, market, and attempt to sell the Property,
which is worth less than the total of the liens as set forth below; and

WHEREAS, Debtor scheduled a first priority lien on the Property, that has a current balance owed of approximately $196,862.00 in favor of Bank of America (the "First Priority Lien"); and

WHEREAS, Debtor scheduled a second priority lien on the Property that has a current balance owed of approximately $446,313.50 through October of 2013 in favor of Bank of North Georgia (the "Second Priority Lien"); and

WHEREAS, Debtor claims no exemption in the Property; and

WHEREAS, based upon the First Priority Lien and the Second Priority Lien there is no equity in the Property that Debtor or Debtor's wife, Barbara Genner, may claim to have an interest; and

WHEREAS, absent a "carve-out" of the Second Priority Lien, there would be no benefit for the Estate to attempt to market and sell the Property; and

WHEREAS, Trustee and the Bank have reached a compromise and settlement so that Trustee may attempt to market and sell the Property pursuant to 11 U.S.C. § 363(b).

NOW, THEREFORE, Trustee and the Bank, intending to be legally bound, hereby agree as follows:

1.

The Bank consents to Trustee listing, marketing and selling the Property at listing and sale prices determined by Trustee, in his sole discretion, subject to Court approval of Trustee's Motion to Sell, however, the Bank reserves the right to object to the selling price, if same is not reasonable under the circumstances.

2.

The Bank agrees to a "carve-out" whereby the Net Sale Proceeds, as defined below, that would otherwise be paid to the Bank, will be divided equally between the Bank and Trustee on behalf of the Estate.

3.

"Net Sale Proceeds" shall mean the gross proceeds of sale, less the First Priority Lien and any other liens senior to the Bank, the real estate commission and other costs of sale, costs necessary to insure and maintain the Property and costs necessary to close the sale of the Property, including outstanding Homeowners' Association Fees, if any, outstanding real property taxes, if any, and the Estate's pro rata share of real property taxes for 2014.

4.

Trustee and the Bank agree to take any all necessary actions and execute any other documents as may be reasonably required by Trustee or the Bank to effect the purposes and intent of this Agreement.

5.

This Agreement shall only apply to a sale of the Property while in a chapter 7 case, and the Bank shall not be subject to the agreed upon carve-out in a Chapter 11 case, if there were a reconversion of this case to Chapter 11.  Further, the Bank shall be permitted to file an unsecured claim in this case, as appropriate, for any remaining unpaid balance of the Bank's Lien, after payment to the Bank of the Bank's one-half portion of the Net Sale Proceeds and adjustment by the Bank of the balance owed.

6.

The Bankruptcy Court for the Northern District of Georgia (the "Court") shall retain

jurisdiction over the interpretation and enforcement of this Agreement.

7.

Should the Court fail to approve this Agreement and Trustee's Motion to Approve

Compromise and Settlement, then, in that event, Trustee and the Bank shall be returned to

their respective positions as if this Agreement had never been executed.

8.

This Agreement may be executed in several counterparts, each of which shall be

considered an original, however, all of which taken together shall constitute one and the

same document.

9.

Each of the signatories warrants that they have full authority to enter into this

Agreement on behalf of the Parties for whom they are executing this Agreement.  Each

Party to this Agreement hereby represents and warrants this Agreement has been duly

authorized and that the individual signing this Agreement on its behalf is duly authorized

and fully competent to execute this Agreement and to deliver this Agreement to the other

Party.

10.

Trustee and the Bank each acknowledge and represent that they have been fully

advised by their respective legal counsel of their rights and responsibilities under this

Agreement or, alternatively, have had an opportunity to retain the services of independent

legal counsel and have affirmatively elected not to do so, that they have read, know and

understand completely the contents hereof, and that they have voluntarily executed the same. Trustee and the Bank further hereby each acknowledge that they have had input into the drafting of this Agreement or, alternatively, have had an opportunity to have input into the drafting of this Agreement. Accordingly, in any construction to be made of this Agreement, it shall not be construed for or against any party, but rather shall be given a fair and reasonable interpretation, based on the plain language of this Agreement and the expressed intent of Trustee and the Bank.

11.

This Agreement contains the entire, final, complete, and exclusive agreement between Trustee and the Bank relating to the subject matter contained herein. There are no other representations, agreements, arrangements, or understandings, oral or written, between Trustee and the Bank relating to this Agreement, which are not fully expressed herein.

STIPULATED AND AGREED TO this 20th day of March, 2014.


Bank of North Georgia

By:_____
David C. Whitridge
Georgia Bar No.
Thompson, O'Brien, Kemp & Nasuti, P.C.
40 Technology Parkway South, Suite 300
Norcross, Georgia 30092
Phone: (770) 925-0111
dwhitridge@tokn.com
Attorney for Bank of North Georgia

Chapter 7 Trustee for Gareth N. Genner

By:_____
Jordan E. Lubin, as and only as Chapter
7 Trustee for the Gareth N. Genner
Lubin Law, P.C.
8325 Dunwoody Place, Building 2
Atlanta, Georgia 30350
Phone: (770) 424-8281
jordan.lubin@laslawgroup.com

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

IN RE:                                          )   CASE NO.    11-78763 - PWB
                                                )
GARETH N. GENNER,                               )   CHAPTER 7
                                                )
     Debtor.                                    )

**CERTIFICATE OF SERVICE**

        I hereby certify that I have this date served the proper parties with the foregoing
**Trustee's Motion for Approval of Compromise and Settlement with the Bank of
North Georgia,** by depositing copies of the same in the United States First Class Mail,
postage prepaid to assure delivery and addressed to:

Office of the United States Trustee          Gareth N. Genner
Room 362 Russell Federal Building            705 Town Boulevard, Apartment No. 423
75 Spring Street, S. W.                      Brookhaven, Georgia 30319
Atlanta, Georgia 30303                       Pro Se Debtor

David C. Whitridge, Esq.
Thompson, O'Brien, Kemp & Nasuti, P.C.
40 Technology Parkway South, Suite 300
Norcross, Georgia 30092
Attorneys for Bank of North Georgia

        This 15th day of May, 2014.


                                             /s/ Jordan E. Lubin
                                             Jordan E. Lubin
                                             Georgia Bar No. 460639
                                             Attorney for the Chapter 7 Trustee

Lubin Law, P.C.
8325 Dunwoody Place, Building 2
Atlanta, Georgia 30350
770.424.8281
jordan.lubin@laslawgroup.com